UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO,<br><br>                    Plaintiff,<br>     v.<br><br>METROPCS TEXAS, LLC; METROPCS COMMUNICATIONS, INC.; METROPCS WIRELESS, INC.; AT&T MOBILITY LLC; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; CRICKET COMMUNICATIONS, INC. a/k/a CRICKET WIRELESS, INC.; SPRINT NEXTEL CORP.; SPRINT SPECTRUM L.P.; NEXTEL OPERATIONS, INC.; SPRINT/UNITED MANAGEMENT COMPANY; AND T-MOBILE USA, INC.,<br><br>                    Defendants. | Case No.: C 12-80130 LHK (PSG)<br><br>**ORDER GRANTING-IN-PART REALTIME'S MOTION TO COMPEL NON-PARTY SKYFIRE TO COMPLY WITH A SUBPOENA**<br><br>**(Re: Docket No. 13)** |

In this patent infringement suit pending in the Eastern District of Texas,[1] Plaintiff Realtime Data, LLC ("Realtime") seeks a court order compelling non-party Skyfire Labs, Inc. ("Skyfire") to comply with a subpoena issued from this district.[2] Skyfire opposes.[3] The subpoena calls for Skyfire to produce both documents and testimony. Having considered the arguments and evidence presented, the court GRANTS-IN-PART Realtime's motion.

---

[1] *See* Case No. 6:10-CV-00493-LED (E.D. Tex.).

[2] *See generally* Docket No. 2 (Mot. to Compel).

[3] *See generally* Docket No. 17 (Opp'n to Mot. to Compel).

1
Case No.: C 12-80130 LHK (PSG)
**ORDER GRANTING-IN-PART REALTIME'S MOTION TO COMPEL NON-PARTY SKYFIRE TO COMPLY WITH A SUBPOENA**

## I.   INTRODUCTION

Realtime alleges that the defendants in the Eastern District of Texas suit (the "Texas Defendants"), the majority of whom are wireless communications companies, infringe Realtime's patents by using certain data compression and data acceleration technology in their networks. One of the Texas Defendants is Verizon Wireless. The accused instrumentalities include Verizon's Content Management and Distribution System ("CMDS"), and, in particular, two distinct software products included within CMDS that are supplied by Skyfire: (1) "Rocket Controller" and (2) "Rocket Optimizer." Realtime served a subpoena on Skyfire at its corporate headquarters in Mountain View. The subpoena included nineteen requests for production of documents. It also includes a request that Skyfire provide testimony concerning seven deposition topics.

After Skyfire refused all of Realtime's requests, the parties met and conferred, and Realtime agreed to limit the scope of its requests. In particular, Realtime agreed to limit its requests to specific features of Rocket Optimizer and Rocket Controller described in its amended infringement contentions. Realtime also agreed that Skyfire need not produce responsive documents that Realtime expects to obtain from the Texas Defendants. Skyfire, however, still refused to produce anything to Realtime.

## II.   LEGAL STANDARDS

Fed. R. Civ. P. 45 authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control.[4] "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules."[5] Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)."[6] Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[7] "Relevant

---

[4] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).

[5] Fed. R. Civ. P. 45, Advisory Committee Notes (1970).

[6] Fed. R. Civ. P. 34(a).

[7] Fed. R. Civ. P. 26(b).

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[8] Discovery is subject to certain limitations, however, and is not without "ultimate and necessary boundaries."[9]

Under Rule 26, a court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[10]

A nonparty commanded to produce documents and tangible things may serve objections to any of the documents or materials sought.[11] "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to a subpoena."[12] "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'"[13]

A nonparty withholding subpoenaed information on the grounds of privilege or otherwise subject to protection must serve a privilege log describing the nature of the documents withheld so that the other parties may assess the privilege or protection claimed.[14]

### III. DISCUSSION

It is clear that Realtime is due at least some discovery from Skyfire. There is no dispute that Verizon has incorporated Rocket Controller and Rocket Optimizer into CMDS, and Realtime has specifically accused the Skyfire products in its amended infringement contentions. Skyfire also

---

[8] *Id.*

[9] *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, Case No. 01-3023 VRW, 2002 WL 32812098, at *1 (N.D. Cal. Aug. 19, 2002)).

[10] Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

[11] *See* Fed. R. Civ. P. 45(c)(2)(B).

[12] Fed. R. Civ. P. 45(c)(1).

[13] *Exxon Shipping Co. v. U.S. Dept. of Interior,* 34 F.3d 774, 779 (9th Cir. 1994).

[14] *See* Fed. R. Civ. P. 45(d)(2)(A)(ii).

has made its Chief Technology Officer, Erik Swenson, available to Verizon's technical expert to answer questions about Skyfire's Verizon-incorporated products. It would hardly be fair to allow Skyfire to help one side in this case in this manner but deny the other side any opportunity whatsoever to ask its own questions.

At the same time, Realtime has not demonstrated exactly what additional documents it requires beyond those it has secured or should have secured from Verizon.[15] What is more, the case has already passed both the fact and expert discovery deadlines set by Chief Judge Davis. Given all this, the court is persuaded that the right balance to strike is as follows: (1) no later than September 7, 2012, Skyfire shall produce documents sufficient to show the operation of Rocket Controller and Rocket Optimizer; and (2) no later than September 14, 2012, Skyfire shall produce a designated witness for a three-hour deposition on the operation of Rocket Controller and Rocket Optimizer. All other discovery requested by Realtime need not be produced.

### IV.  CONCLUSION

The court GRANTS-IN-PART Realtime's motion to compel Skyfire to comply with its subpoena.

**IT IS SO ORDERED.**

Dated:  August 28, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See, e.g.*, *Haworth v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (denying request for discovery from nonparty because the discovery sought was clearly available from a party opponent); *Kim v. NuVasive, Inc.*, Case No. 11cv1370-DMS (NLS), 2011 WL 3844106, at *3-4 (S.D. Cal. Aug. 29, 2011) (same).

4

Case No.: C 12-80130 LHK (PSG)
**ORDER GRANTING-IN-PART REALTIME'S MOTION TO COMPEL NON-PARTY SKYFIRE TO COMPLY WITH A SUBPOENA**